# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jessica S. Allen |
| | : | |
| v. | : | |
| | : | Mag. No. 24-8289 |
| KEDUS YACOB DAMTEW | : | |
| | : | |
| | : | **CRIMINAL COMPLAINT** |

I, Kyle Peabody, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

/s/ Kyle Peabody (EJ)
_____
Kyle Peabody, Special Agent
Federal Bureau of Investigation

Special Agent Peabody attested to this Complaint by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A) on this  2nd  day of December, 2024, in the District of New Jersey.

/s/ Hon. Jessica S. Allen (EJ)
_____
Honorable Jessica S. Allen
United States Magistrate Judge

## ATTACHMENT A

## COUNT ONE
(Interference with Flight Crew Members and Attendants)

On or about June 12, 2024, in the District of New Jersey and elsewhere, the defendant,

**KEDUS YACOB DAMTEW,**

on an aircraft in the special jurisdiction of the United States, namely United Airlines Flight Number UAL 2732, traveling to Newark Liberty International Airport from Houston, Texas, did assault and intimidate flight attendants and crew members of that aircraft, thereby interfering with the performance of the duties of the flight attendants and crew members and lessening the ability of the flight attendants and crew members to perform those duties.

In violation of Title 49, United States Code, Section 46504.

**ATTACHMENT B**

I, Kyle Peabody, am a Special Agent with the Federal Bureau of Investigation. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, the statements of individuals, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about June 12, 2024, Kedus Yacob Damtew ("DAMTEW") was a passenger on United Airlines Flight UAL 2732, arriving at Newark Liberty International Airport in Newark, New Jersey, from Houston, Texas.

2. Shortly prior to landing, during a conversation with a flight attendant ("Victim-1") in the front galley of the aircraft, DAMTEW removed his shirt; pushed his bare chest into Victim-1's chest, pinning Victim-1 against the exit door; shouted epithets and threats of physical violence at Victim-1, causing Victim-1's face to be covered in saliva; and punched an aircraft oven.

3. DAMTEW then followed Victim-1 to the rear of the aircraft, shouted threats and epithets at Victim-1, and threw a cup of water. Another flight attendant ("FA-1") requested assistance over the airplane's PA system, prompting multiple passengers to assist in securing DAMTEW in flex cuffs in the last row of the plane.

4. Another flight attendant ("FA-2") had to move from his assigned jump seat to assist in restraining DAMTEW, who continued to shout threats and epithets until the flight landed in Newark. As a result, FA-2 was unable to secure his assigned aircraft door or properly secure the galley for landing.

5. In addition, DAMTEW's conduct required flight attendants to re-delegate pre-landing duties – including trash collection and ensuring seats were properly situated – and the pilot was unable to complete standard safety cross checks before landing.